### Rock Creek Property Company v. Hill.

(Decided March 2, 1915.)

Appeal from McCreary Circuit Court.

O. H. WADDLE & SON and J. N. SHARP for appellant.

W. R. CRESS & SON for appellee.

RESPONSE TO PETITION FOR REHEARING BY JUDGE NUNN —For opinion, see 162 Ky., 324.

We are asked to modify the opinion so that appellant may not be deprived of an interest in the Bell land which it acquired by conveyance from some of the Bell heirs.

Nothing was decided in this case other than the propositions stated in the opinion. It was a suit in ejectment between the appellant, claiming under the Fox and Hardin patents, and the appellee, claiming under the senior patent issued to Calvin and Harrison Bell. The evidence showed that the Bells made some sort of division of land, and Hill, the appellee, introduced deeds conveying to him the northern half which Calvin Bell took. Appellee also introduced deeds from the Harrison Bell heirs, showing conveyance of the southern half of the Bell patent to the Rock Creek Company. Perhaps appellee's purpose in introducing this evidence was to show that the Rock Creek Company was estopped to assail the Bell patent in as much as it had recognized it by taking a conveyance for a part of it. The deed from the Harrison Bell heirs conveyed a specific boundary, the southern portion of the Bell patent, and also their undivided interest in the residue, but some of the Harrison Bell heirs testified that they told the Rock Creek Company and its vendors, at the time of conveyance, that the land had been divided by Harrison and Calvin Bell, and that the Harrison Bell heirs made no claim to any part of the land other than that specifically described in the deed. Manifestly the Rock Creek Company can not have absolute title to the southern half and title to an undivided interest at the same time in the northern half. Anyhow, the issues were not made up on this phase of the case, nor was the case so tried. All the evidence about an undivided interest was introduced by the appellee in the way of estoppel and the appellant relied wholly upon the Fox and Hardin patents. If, in fact, the appellant owned an undivided interest in the original Bell patent, the appellee Hill did also, and an action in ejectment was not a proper proceeding for partition. These matters were not referred to in the opinion, because they were not the issues in the court below. No pleadings were filed with reference to them, nor were any instructions requested.

However, if the appellant does own an undivided interest in the Bell patent by conveyance from the Bell heirs, it is not intended by the opinion to preclude its right to partition by amended pleadings or a separate action.